UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
LISA CACERES, *individually and on behalf of all others similarly situated*,

                          Plaintiff,

      -against-

STELLAR COLLECTION SERVICES INC.,

                          Defendant.
------------------------------------------------------------------------X

For Online Publication Only

**ORDER**
17-CV-3537 (JMA) (AKT)

**FILED**
**CLERK**
9/27/2018 4:03 pm
**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

**AZRACK, United States District Judge:**

Before the Court is plaintiff's motion for default judgment against defendant Stellar Collection Services Inc., ("Stellar"), for $6,885.00. For the reasons stated herein, plaintiff's motion is GRANTED and plaintiff is awarded a default judgment against defendant in the amount of $5,735.00.

## I.  DISCUSSION

### A.  Defendant Defaulted

Stellar, who has not responded to the motion for default judgment, defaulted by failing to answer, move, appear, or defend in this action.

### B.  Liability

When a defendant defaults, the Court is required to accept all of the factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. Finkel v. Romanowicz, 577 F.3d 79, 84 (2d Cir. 2009). However, the Court also must determine whether the allegations in the complaint establish the defendant's liability as a matter of law. Id. Here, the allegations in the complaint are sufficient to establish defendant's liability under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, ("FDCPA").

## C. **Damages**

"'[W]hile a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages.'" Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC, 779 F.3d 182, 189 (2d Cir. 2015) (quoting Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contractors, Inc., 699 F.3d 230, 234 (2d Cir. 2012)).  The Court must conduct an inquiry to "ascertain the amount of damages with reasonable certainty." Credit Lyonnais Sec., Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999) (citing Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997)).

Plaintiff requests statutory damages in the amount of $1,000.00, which is the maximum amount a court may award for a single violation of the FDCPA.  See 15 U.S.C. § 1692k(a)(2)(A). "Awarding the statutory maximum under the FDCPA is appropriate in cases where the acts of the debt collector were particularly egregious." Gonzalez v. Healthcare Recovery Mgmt. Inc., No. 13-CV-1002, 2013 WL 4851709, at *2 (E.D.N.Y. Sept. 10, 2013) (quoting Dunn v. Advanced Credit Recovery Inc., No. 11–CV–4023, 2012 WL 676350, at *3 (S.D.N.Y. Mar. 1, 2012). "However, a lesser award is 'appropriate where there is no repeated pattern of intentional abuse or where the violation was technical.'" Id. (citation omitted).

Here, plaintiff alleges that Stellar sent her a single letter, which included misleading language related to Stellar's obligation to obtain verification of the debt in the event that plaintiff disputed it.  However, the allegedly misleading language appears to be the result of a typographical error, and although the letter has the potential to cause confusion for consumers, Stellar's conduct is not sufficiently egregious to warrant statutory damages in the amount of $1,000.  See, e.g., Gonzalez, 2013 WL 4851709, at *3.  Accordingly, I award plaintiff $500 in statutory damages.

**D.   Attorney's Fees and Costs**

In its motion, plaintiff requests attorneys' fees in the amount of $5,200.00 and court fees in the amount of $685.00. (See Sanders Decl. at 20, ECF No. 8-2.) The FDCPA gives the Court discretion to award reasonable attorney's fees as well as court costs. See 15 U.S.C. § 1692k(a)(3); Cordero v. Collection Co., No. 10-CV-5960, 2012 WL 1118210, at *3 (E.D.N.Y. Apr. 3, 2012). A plaintiff seeking to recover attorney's fees "bears the burden of proving the reasonableness and necessity of hours spent and rates charged." Bennett v. Asset Recovery Sols., LLC, No. 14-CV-4433, 2017 WL 432892, at *6 (E.D.N.Y. Jan. 5, 2017) (report and recommendation), adopted by, No. 14-CV-4433, 2017 WL 421920 (E.D.N.Y. Jan. 31, 2017). In support of a request for attorney's fees, the party seeking fees must provide "contemporaneous time records reflecting, for each attorney and legal assistant, the date, the hours expended, and the nature of the work done." Sheet Metal Workers' Nat. Pension Fund v. Skye Sheet Metal, Inc., No. CV-08-1315, 2010 WL 3119783, at *9 (E.D.N.Y. June 22, 2010) (report and recommendation) (citation omitted), adopted by, No. 08-CV-1315, 2010 WL 3119441 (E.D.N.Y. Aug. 5, 2010).

Here, plaintiff requests attorneys' fees of $5,200.00, which represents the efforts of two attorneys, Craig B. Sanders and David M. Barshay, who billed a total of 13 hours, each at a rate of $400 per hour. "Courts in the Eastern District of New York award hourly rates ranging from $200 to $450 per hour for partners, $100 to $300 per hour for associates, and $70 to $100 per hour for paralegals." Dagostino v. Computer Credit, Inc., 238 F. Supp. 3d 404, 412 (E.D.N.Y. 2017) (quoting D'Annunzio v. Ayken, Inc., No. 11-CV-3303, 2015 WL 5308094, at *4 (E.D.N.Y. Sept. 10, 2015). Both Mr. Sanders and Mr. Barshay are established lawyers with experience with the FDCPA. However, the Court concludes that $400 is an unreasonable hourly rate for a case such as this one. Instead, the Court finds that an hourly rate of $350 for both Mr. Sanders and Mr.

3

Barshay is appropriate, as this case "did not present any novel or difficult questions of law and did not require a high level of skill." Dagostino, 238 F. Supp. 3d at 412 (concluding that $350 per hour is a reasonable hourly rate for Mr. Sanders and Mr. Barshay in an FDCPA case).

Having reviewed plaintiff's bill for costs associated with this litigation as well as the Sanders Declaration, the Court determines these to be reasonable out-of-pocket expenses. See LeBlanc-Sternberg v. Fletcher, 143 F.3d 748, 763 (2d Cir. 1998) ("[A]ttorney's fees awards include those reasonable out-of-pocket expenses incurred by attorneys and ordinarily charged to their clients.") (citation omitted).

Accordingly, plaintiff is awarded attorneys' fees for 13 hours of work at a rate of $350.00, for both attorneys, for a total of $4,550.00. Additionally, plaintiff is awarded $685.00 in reasonable court expenses.

## II. CONCLUSION

The Clerk of the Court is respectfully directed to enter judgment against defendant as follows: Defendant is liable to plaintiff Lisa Caceres for $500.00 in statutory damages and $5,235.00 in attorneys' fees and costs, for a total of $5,735.00.

The Clerk of Court is directed to close this case.

**SO ORDERED.**

Dated: September 27, 2018
Central Islip, New York

                                                     /s/ (JMA)
                                        JOAN M. AZRACK
                                        UNITED STATES DISTRICT JUDGE